IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CLINT SCOTT SOOSAY,<br><br>Defendant. | CR 03-143-GF-BMM<br>CR 04-48-GF-BMM<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I.  Synopsis

The United States accused Mr. Soosay of violating his conditions of supervised release by (1) committing another crime, (2) consuming alcohol, and (3) failing to work regularly at a lawful occupation. He admitted to the allegations. His supervised release should be revoked.  He should be sentenced to four months in custody, with thirty-two months of supervised release to follow.

## II.  Status

United States District Judge Sam Haddon sentenced Mr. Soosay to twenty-three months in custody, with thirty-six months of supervised release to follow, on March 27, 2012, after a he pleaded guilty to Burglary. (CR 03-143 Doc. 54.) Judge Haddon then sentenced Mr. Soosay to 120 months of custody, with sixty months of

1

supervised release to follow, on August 5, 2004, after he pleaded guilty to Penalties for Firearms. (CR-04-48-BMM Doc. 20) He began his current term of supervised release on February 13, 2015.

United States District Judge Brian Morris modified the conditions of Mr. Soosay's release on November 12, 2015, to comply with Ninth Circuit case law. (Doc. 22.) The modified conditions included the requirements that Mr. Soosay attend substance abuse treatment and testing and register as a sex offender. (*Id.*)

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on January 13, 2017, alleging that Mr. Soosay violated the terms of his supervised release by (1) committing another crime, (2) consuming alcohol, and (3) failing to work regularly at a lawful occupation. (Doc. 69.) Judge Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 70.)

**Initial appearance**

Mr. Soosay appeared before the undersigned on January 17, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Soosay said he had read the petition and understood the allegations. He

waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned. The Court continued the hearing so the Probation Office could determine if Mr. Soosay could get a bed date at a prerelease center. The Probation Office determined that Mr. Soosay was not eligible for placement at a prerelease center.

**Revocation hearing**

The Court conducted the revocation hearing on February 16, 2017. (Doc. 31.) Federal Defender David Ness represented Mr. Soosay at the hearing. Mr. Soosay admitted to the allegations. The violations are serious and warrant revocation of his supervised release.

Mr. Soosay's violation grade is Grade C, and his criminal history category is III. His underlying offense of Burglary is a Class C felony. His underlying offense of Penalty for Firearms is a Class A felony. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for sixty months, less any custody time imposed, on the Burglary conviction. He could be incarcerated for up to thirty-six months and could be ordered to remain on supervised release for sixty months, less any custody time imposed, on the Penalty for Firearms conviction. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Ness recommended a sentence of no more than three months. Mr. Soosay exercised his right of allocution and admitted that he had a problem with drinking. Mr. Starnes recommended a sentence at the low-end of the guideline range.

### III. Analysis

Mr. Soosay's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to four months in custody, with thirty-two months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV. Conclusion

Mr. Soosay was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Clint Scott Soosay violated the conditions of his supervised release by (1) committing another crime, (2) consuming alcohol, and (3) failing to work regularly at a lawful occupation.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Soosay's supervised release and committing him to the custody of the United States Bureau of Prisons for four months, with thirty-two months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 22nd day of March 2017.

_____
John Johnston
United States Magistrate Judge